IN THE UNITED STATES COURT FOR THE DISTRICT OF UTAH

CENTRAL DIVISION

| | |
|---|---|
| WELLS FARGO BANK, N.A.,<br><br>　　Plaintiff,<br><br>vs.<br><br>THOMAS R. SLATER, and LISBETH SLATER, an individual, and JOHN/JANE DOE/OCCUPANT,<br><br>　　Defendants. | **ORDER and<br>MEMORANDUM DECISION**<br><br><br><br>Case No. 2:11-cv-226 |

This court "must, *sua sponte*, satisfy itself of its power to adjudicate in every case and at every stage of the proceedings." *State Farm Mut. Auto. Ins. Co. v. Narvaez*, 149 F.3d 1269, 1270-71 (10th Cir. 1998). Here, Plaintiff Wells Fargo Bank, N.A. has attempted to remove an unlawful detainer action that it brought under Utah state law and that it filed in Utah state court.

The first obvious problem with Wells Fargo's notice is that 28 U.S.C. § 1441 allows only defendants to remove an action from state court. Wells Fargo is the plaintiff in the Utah action. That Wells Fargo is a counterclaim defendant appears to be immaterial. *See Shamrock Oil & Gas Corp. v. Sheets*, 313 U.S. 100, 106 (1941) (removal statute does not allow removal by plaintiffs in the state court action, even if they are countersued).

Moreover, even if Wells Fargo were a proper party to attempt removal, its first basis for removal is that Defendants have raised federal issues in their counterclaim. But the Tenth Circuit

"has held that to support removal jurisdiction, the required federal right or immunity must be an essential element of the plaintiff's cause of action, and that the federal controversy must be disclosed upon the face of the complaint, unaided by the answer or by the petition for removal." *Fajen v. Foundation Reserve Ins. Co., Inc.*, 683 F.2d 331, 333 (10th Cir. 1982) (citations and internal quotation marks omitted). In this case, nothing about the unlawful detainer complaint suggests that there is a federal question at issue.

Finally, Wells Fargo alleges that there is diversity in the action. While Wells Fargo admits that some of the counterclaim defendants are non-diverse, Wells Fargo argues that their presence should be ignored because they have been fraudulently joined because the counterclaims against them are without merit. At this point, Wells Fargo's assertion that those defendants are irrelevant is nothing more than a legal conclusion.

For the reasons above, Wells Fargo's counsel is hereby ORDERED to show cause why this action should not be remanded to state court. Wells Fargo's response is due within 10 days of the entry date of this Order. If any other parties wish to respond, they may do so 10 days after Wells Fargo files its response.

SO ORDERED this 11th day of March, 2011.

BY THE COURT:

_____
Dale A. Kimball
United States District Judge